IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**SILVERIO RUBIO VALDOVINOS**,<br><br>Defendant. | Case No. 3:18-cr-497-SI-03<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

Defendant Silverio Rubio Valdovinos, age 37, pleaded guilty to possession with intent to distribute methamphetamine, in violation of federal law. On July 8, 2020, the Court sentenced Mr. Valdovinos to a term of imprisonment of 48 months, followed by five years of supervised release. Mr. Valdovinos currently is incarcerated at the Federal Correctional Institution in Sheridan, Oregon (FCI Sheridan), potentially awaiting further designation by the Bureau of Prisons (BOP). To date, he has served about 60 percent of his sentence. Mr. Valdovinos is not in the United States legally, he is subject to a detainer issued by U.S. Immigration and Customs Enforcement (ICE), and he will almost certainly be deported to Mexico upon the completion of his sentence.

PAGE 1 – OPINION AND ORDER

Twenty-one days after being sentenced, Mr. Valdovinos, representing himself, filed a motion for compassionate release under 18 U.S.C. § 3582(c). ECF 672. That same day, July 29, 2020, the Court appointed the Federal Public Defender (FPD) to assist Mr. Valdovinos with his motion, and the FPD assigned the matter to an attorney on the Criminal Justice Act panel. On November 23, 2020, Mr. Valdovinos, through his court-appointed counsel, filed a supplemental motion to reduce sentence. ECF 758. The Government agrees that Mr. Valdovinos has exhausted his administrative remedies but opposes Mr. Valdovinos's motion on the merits. As explained below, the Court denies Mr. Valdovinos's motion to reduce sentence.

## LEGAL FRAMEWORK FOR COMPASSIONATE RELEASE

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Congress, however, has authorized a district court to modify a defendant's sentence in three limited circumstances: (1) when granting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A); (2) when expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) when a defendant has been sentenced based on a sentencing range that later has been lowered by the United States Sentencing Commission (USSC). 18 U.S.C. § 3582(c)(1). The motion before the Court seeks compassionate release.

Before 2018, § 3582(c)(1)(A) required that a motion for compassionate release be brought only by the BOP. The First Step Act (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), amended § 3582 to authorize courts to grant a motion for compassionate release filed by a defendant. A defendant, however, may only bring a motion for compassionate release after: (1) petitioning the BOP to make such a motion on the defendant's behalf; and (2) either (a) the defendant has exhausted all administrative appeals after the BOP denied the defendant's

petition or (b) thirty days has elapsed after the warden of the defendant's facility received the defendant's petition, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).[1]

Compassionate release under § 3582(c)(1)(A) authorizes a court to modify a defendant's term of imprisonment if the court finds that two conditions have been satisfied. The first is that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The second is that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The USSC policy statement for reducing a term of imprisonment under § 3582(c)(1)(A) is found in the United States Sentencing Guidelines Manual (USSG) at § 1B1.13. That policy statement explains the phrase "extraordinary and compelling reasons." USSG § 1B1.13(1)(A) and cmt. 1. Four out-of-circuit federal appellate courts, however, have held that § 1B1.13 does not apply to a motion filed by a defendant.[2]

Section 3582(c)(1)(A) also directs a district court to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The factors under § 3553(a) include: the nature and circumstances of the offense; the history and characteristics of the defendant; and the

---

[1] The United States Courts of Appeal for the Fifth and Sixth Circuits have held that a defendant's failure to satisfy this administrative exhaustion requirement does not deprive a court of subject-matter jurisdiction; instead, this is a mandatory claim-processing rule that binds a court when properly asserted by the Government and not forfeited. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020); *United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020) (agreeing with *Alam*). The Ninth Circuit has not yet addressed this issue.

[2] In *United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020), the Second Circuit held that USSG § 1B1.13 is not applicable, and therefore not binding, as to motions filed by a defendant because that section has not been updated since the First Step Act expanded the compassionate release statute to permit defense-filed motions. The Second Circuit explained that the policy statement "is clearly outdated" because it still requires a "motion of the Director of the Bureau of Prisons." *Brooker*, 976 F.3d at 235. The Fourth, Sixth, and the Seventh Circuits agree with the Second Circuit on this point. *See United States v. McCoy*, 981 F.3d 271, 281-82 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1110 (6th Cir. Nov. 20, 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. Nov. 20, 2020). The Ninth Circuit has not yet addressed this issue.

need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a). Thus, in resolving a motion for early release from incarceration brought under § 3582(c)(1)(A)(i), a district court must be sensitive to the factors in § 3553(a), including the protection of the public.

Compassionate release is "rare" and "extraordinary," and courts routinely deny such claims. *United States v. Mangarella*, 2020 WL 1291835, at *2–3 (W.D.N.C. Mar. 16, 2020) ("[A] compassionate release . . . is an extraordinary and rare event.") (citation omitted). A defendant bears the burden to show special circumstances meeting the high bar set by Congress for compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)). As other district courts have noted: "To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from . . . chronic conditions that [he] is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020) (rejecting a claim for compassionate release from a defendant suffering from severe back injuries and epilepsy) (brackets in original) (quoting *United States v. Weidenhamer*, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019)). A court also must consider the sentencing factors under § 3553(a), to the extent they are applicable. *See* § 3582(c)(1)(A).

## DISCUSSION

Mr. Valdovinos asks the Court to modify his sentence to time served so that a pending ICE detainer may be executed, initiating his voluntary deportation to Mexico. He suffers from chronic obstructive pulmonary disease (COPD) and is overweight but not obese. Based on his COPD, Mr. Valdovinos is at risk for severe illness or death if he contracts COVID-19. He also has had two prior drug convictions before the current offense.

Several courts have found that a defendant's preexisting COPD constitutes an extraordinary and compelling reason for a sentence reduction. *See, e.g., United States v. Smith*, 2020 WL 2844222, at *9 (N.D. Iowa June 1, 2020) (granting compassionate release and recognizing that "[o]ne study has found that COPD is associated with a more than five-fold increased risk of severe COVID-19 infection").

In addition, Mr. Valdovinos is overweight, but not obese. The Centers for Disease Control and Prevention (CDC) has determined that being obese increases the risk from COVID-19. But obesity alone is not enough to support a defendant's motion for compassionate release. *See United States v. Whiteman*, 2020 WL 4284619, at *1 (E.D. Pa. July 27, 2020) (stating that mild obesity and hypertension, in a 42-year-old defendant, falls short of establishing extraordinary circumstances); *United States v. Williams*, 2020 WL 4756743 (E.D. Pa. Aug. 17, 2020) (noting that mild asthma and obesity with a BMI of 31.5 are not extraordinary circumstances in the context of confinement at an institution that has not had a significant number of positive cases of COVID-19); *United States v. Edison*, 2020 WL 3871447, at *3 (D. Minn. July 9, 2020) (explaining that obesity alone, with a BMI of 35.4, "fails to meet the demanding standard for compassionate release"); *United States v. Ackley*, 2020 WL 4193273, at *4 (N.D. Iowa July 21, 2020) (denying motion brought by 31-year-old whose only risk factor was a BMI of 32.2, "which puts him only marginally into the CDC's risk category"). In addition,

many courts have denied release for defendants with asthma. *See, e.g., United States v. Goode*, 2020 WL 6445930, at *5 (E.D. Pa. Nov. 2, 2020) (denying compassionate release, noting that many courts have denied compassionate release based on asthma, and citing cases); *United States v. Haft*, 2020 WL 3412195, at *4 (D. Or. June 22, 2020) (denying compassionate release to defendant with asthma who had 30 months remaining).

Although Mr. Valdovinos's COPD may qualify as an extraordinary and compelling reason for release, he has failed to show that he should be given early release. To warrant early release, a defendant also must show that the § 3553(a) factors support that decision. *See United States v. Gotti*, 433 F. Supp. 3d 613 (S.D.N.Y. 2020) (finding that even if medically eligible, release was inappropriate because the defendant poses a continuing danger to the public). Mr. Valdovinos has not met this burden.[3]

This was not Mr. Valdovinos's first drug trafficking offense. Indeed, it was his third offense in twelve years. The sentence imposed is necessary to deter him from returning to the United States and selling drugs in the future. Although Mr. Valdovinos has some mitigating factors in his history, those were all things that existed six months ago and were part of the Court's sentencing consideration. In fact, the undersigned imposed a sentence below the guidelines range. Mr. Valdovinos then moved for compassionate release less than one month after being sentenced. His supplemental filings by counsel (including his reply brief) merely expands on Mr. Valdovinos's health risks, his family circumstances, and the current conditions at FCI Sheridan. Essentially, however, Mr. Valdovinos simply is requesting a different sentence.

---

[3] Even if the policy statement at USSG § 1B1.13 is not binding, *see* n.2, *supra*, it has persuasive value and may be considered for that purpose.

As already discussed, compassionate release is an extraordinary and rare event. Mr. Valdovinos has not shown that it is warranted here.

## CONCLUSION

The Court has considered all relevant factors for compassionate release and denies Mr. Valdovinos's Motion to Reduce Sentence (ECF 672) and his supplemental motion (ECF 758).

**IT IS SO ORDERED.**

DATED this 29th day of December, 2020.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge